IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV261-1-W
3:98CR76

| | |
|---|---|
| SAMUEL A. THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 29, 2009. For the reasons stated herein, Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On December 2, 2005, Petitioner was released from the Bureau of Prison's custody after serving a sentence for possession with intent to distribute cocaine base and for possession of a firearm during and in relation to a drug crime. On March 21, 2007, the Probation Department filed a Petition for Warrant for Offender Under Supervision charging Petitioner with violating the terms of his supervised release. On July 11, 2007, at the conclusion of a supervised release hearing, this Court sentenced Petitioner to sixty months imprisonment. Petitioner directly appealed this sentence to the United States Court of Appeals for the Fourth Circuit. On October 21, 2008, the Fourth Circuit dismissed Petitioner's appeal. United States v. Thompson, 297 Fed. App'x 211 (4th Cir. 2008).

On June 29, 2007, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate Petitioner asserts that he is actually innocent of his 60 month sentence because no Grade-A supervised release violation occurred.

## ANALYSIS

### I. Initial Review Authority

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. Petitioner's Claims May Not Be Relitigated

On appeal Petitioner's counsel filed an Ander's[1] brief but questioned whether this Court erred in revoking Petitioner's supervised release and imposing a prison sentence based on state charges that were subsequently dropped.

In its opinion, the Fourth Circuit first recognized that a district court need only find a violation of a condition of supervised release occurred by a preponderance of the evidence. United States v. Thompson, 297 Fed. App'x 211, 212 (4th Cir. 2008). The Fourth Circuit then set forth that "[b]ecause the standard of proof is less than that required for a criminal conviction, the

---

[1] Anders v. California, 386 U.S. 738 (1967).

district court may find that the defendant has violated a condition of his supervised release based on its own findings of new criminal conduct, even if the defendant is acquitted on criminal charges arising from the same conduct, or if the charges against him are dropped." Id. at 212-13. After recounting the evidence presented at the supervised release hearing, the Fourth Circuit found that "the district court did not clearly err by finding that a preponderance of the evidence showed that [Petitioner] had committed a crime while on supervised release and that the court did not abuse its discretion in revoking [Petitioner's] supervised release." Id. at 213. After upholding the reasonableness of the sentence, the Fourth Circuit concluded by stating that they had reviewed the record and found no meritorious issues for appeal and that they therefore affirmed the judgment revoking Petitioner's supervised release and imposing a sixty-month sentence of imprisonment. Id. at 213.

In the present Motion to Vacate, Petitioner presents several arguments that are all premised on the fact that the state charge which formed the basis of the Court's finding that he violated the terms of his supervised release and resulted in the imposition of a sixty month term of imprisonment were ultimately dismissed.[2] As detailed above, this issue was presented to, and rejected by, the Fourth Circuit.[3] The Fourth Circuit's ruling precludes this Court's review of

---

[2] Petitioner asserts that these charges were dismissed because the District Attorney's office concluded that no actual crime had occurred. (Mot. to Vac. p. 3.) Petitioner provides no support for this assertion. Petitioner does attach a letter addressed to him from the District Attorney's office informing him that the state charges have been dismissed. This letter, however, does not state the reason for the dismissal.

[3] To the extent Petitioner did not raise any of these issues in his direct appeal, such claims are procedurally defaulted. In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate a miscarriage of justice would result from a refusal to entertain a collateral attack. See United States v.

Petitioner's present claim. See <u>Boechenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976)(issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action).

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to any relief. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: July 20, 2009

Frank D. Whitney
United States District Judge

---

<u>Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982)). Petitioner does not meet this standard. While Petitioner asserts he is "actually innocent" he premises this assertion upon the fact that his state charges were dismissed. Significantly, Petitioner does not assert that he is actually innocent because he did not in fact engage in the conduct that violated the terms of his supervised release.